# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY R. FERGUSON, | ) |
| Petitioner, | ) **CAPITAL CASE** |
| | ) No. 4:00CV1882 CDP |
| TROY STEELE, | ) |
| Respondent, | ) |

## MEMORANDUM AND ORDER

Just over twenty-five years ago, on February 9, 1989, petitioner Jeffrey Ferguson murdered seventeen-year-old Kelli Hall after abducting her from the Mobil service station where she worked. Hall's frozen body was found thirteen days later, clothed only in socks. Now, despite the passage of time, the overwhelming evidence of his guilt, the finality of the judgment in this case, and the prohibition on filing successive habeas petitions in the district courts, petitioner seeks to file a "supplemental" petition for writ of habeas corpus, and he seeks a stay of his March 26, 2014, execution date. I will deny the requested relief.

Petitioner cannot obtain relief from this Court because the supplemental petition for writ of habeas corpus is a second or successive petition and petitioner must first obtain permission from the Court of Appeals before filing it. See 28 U.S.C. § 2244(b). Petitioner claims that newly discovered evidence demonstrates that his conviction was based on the state's knowing presentation of false and misleading testimony by FBI Agent Michael Malone, who testified that hair removed from Hall's clothing and shoe was microscopically indistinguishable from petitioner's co-defendant's hair and that fibers from the carpet on the floorboard of petitioner's SUV were indistinguishable from fiber on Hall's sweater. Petitioner claims that the Department

of Justice has now concluded that Malone's microscopic hair analysis testimony "exceeded the limits of science" and was "invalid." Petitioner claims this is newly discovered evidence that has just become "ripe" for review because petitioner's Rule 91 habeas petition in the Missouri Supreme Court raising this claim was just recently denied.

Petitioner relies on a number of competency-to-be-executed cases to support his claim that his supplemental petition is not a second or successive habeas petition, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Panetti v. Quarterman, 551 U.S. 930 (2007); Magwood v. Patterson, 561 U.S. 320 (2010). These cases are inapposite, however, because competency claims do not become ripe until an execution date is set or an execution warrant is secured. See Nooner v. Norris, 499 F.3d 831, 834 (8th Cir. 2007). Petitioner is confusing ripeness with exhaustion. To the extent that petitioner has a potential habeas claim regarding perjured expert testimony and prosecutorial misconduct, the denial of the Rule 91 petition may have exhausted that claim, but nothing more.

In this case, petitioner claims that he has newly discovered evidence, which is another way of saying the factual predicate for his claim could not have been discovered through the exercise of due diligence. This clearly falls under 28 U.S.C. § 2244(b)(2), and petitioner must obtain permission from the Court of Appeals before he can obtain relief in this Court.

Even if the supplemental petition were not successive and I had the authority to grant relief, I would dismiss the petition and deny the stay. First, it is only the *hair* evidence, which relates to petitioner's co-defendant, that has been discredited. There is no allegation challenging the witness's testimony that the fiber on the victim's sweater matched that in petitioner's car – other than the argument that it must be suspect because it was given by the same witness who gave the faulty hair opinion. As petitioner admits, "The Justice Department has not declared that

2

Malone testified falsely about the fiber – at least not yet." But even more importantly, even if the hair and fiber evidence is completely disregarded, the remaining evidence of petitioner's guilt is simply overwhelming. The state has the right to carry out its judgment, and I will not interfere with it by entertaining this successive petition.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is successive or whether his constitutional rights were violated. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's supplemental petition for writ of habeas corpus [# 105] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that petitioner's motion to stay [# 106] is **DENIED**.

**IT IS FURTHER ORDERED** that I will not issue a certificate of appealability.

Dated this 10th day of March, 2014.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE